872

■ MONROE COUNTY WATER AUTHORITY, Respondent, v. CITY OF ROCHester, Appellant.— Order unanimously affirmed, with costs. Memorandum: We hold that the order is appealable, and affirm on the merits. A sufficient declaration of rights has been made. Respondent has not shown that the public interest cannot be served as it deems best within the framework of the contract. (Appeal from order of Monroe Special Term granting motion to dismiss second defense and counterclaim.) Present — Goldman, P. J., Marsh, Witmer, Bastow and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD C. HOGESTYN, Appellant.— Judgment of conviction unanimously modified on the law and facts and in the exercise of discretion, by reducing the sentence as of November 9, 1964 to confinement in an institution under the jurisdiction of the Department of Correction and commitment to the Department Reception Center for classification and transfer in accordance with the provisions of article 3-A of the Correction Law, and as modified affirmed. Memorandum: On this appeal from a judgment of conviction of murder in the second degree, appellant seeks a reduction of the sentence imposed upon him of imprisonment for an indeterminate term of not less than 20 years nor more than his natural life. The defendant, by his plea of guilty, admitted the shotgun slaying of his mother and father just 6 weeks after his 16th birthday. The sentencing court in imposing sentence was undoubtedly strongly influenced by the immediate circumstances of the double homicide. Other circumstances however, involving the age and background of the youth and his family relationships, would appear to require giving greater consideration to the defendant's mental attitude at the time and his potential for rehabilitation. From the probation report it appears that the defendant was well thought of and highly regarded by the neighbors in the community in which he lived, by his teachers and supervisors in school, and by all his close associates. Without exception they attested to their belief and confidence in him from close observation of him through the years not only prior to his involvement in the admitted double homicide but also after having acquired knowledge of his participation in the crime. Unreasonable demands in the home and a complete lack of parental understanding are demonstrated, resulting in recurring pressures and stress in the home relationship which while being no justification for the homicides, caused a reaction completely out of character with the defendant's ordinary and normal nonviolent and co-operative attitudes. That the defendant was a proper subject for the rehabilitation processes contemplated by section 2184-a of the Penal Law, providing for a reformatory term for youths in his age group, is confirmed by the defendant's prison record which shows that after commitment to the custody of the Department of Correction he was assigned to a class in drafting. After such assignment he progressed to the point that he was made a civilian instructor-assistant in drafting. He acquired his high school diploma in July, 1966, completed a Dale Carnegie course in 1967, 26 weeks of group therapy in 1968, and is presently enrolled in a community college course in business law which is video taped to the correctional institution in which he is presently confined. The acting warden of such institution states that the defendant's record has been one of achievement and good conduct. His entire record discloses a proper case for the exercise of discretion to modify the sentence previously imposed under the authority of section 543 of the Code of Criminal Procedure. (Appeal from judgment of Monroe County Court, convicting defendant of murder, second degree.) Present — Goldman, P. J., Marsh, Witmer, Bastow and Henry, JJ.